**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-2588-MSK-KMT

ROBERT P. HAMMOND,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER CONCERNING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

---

Pursuant to Fed. R. Civ. P. 26(c), each party and each Counsel of Record stipulates and moves the Court for a Protective Order concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.  In this action, plaintiff Robert P. Hammond has sought the production of Confidential Information (as defined in paragraph 2 below). Defendant Metropolitan Life Insurance Company asserts that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.  "Confidential Documents" means any document designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential proprietary information. "Confidential" documents as used herein means documents that the producing party in good faith designates as "Confidential" at the time of production by means of a listing of the production

numbers appearing on such documents or by means of a "Confidential" stamp or legend placed on such documents. Notwithstanding the foregoing, a producing party's inadvertent failure to designate a document "Confidential" in accordance with the terms of this Order will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the Litigation.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

> By imprinting the words "Confidential Information" on every page of any document produced that the producing party considers to contain Confidential Information. The imprinting of the words "Confidential Information" shall not cover any text or other content of the document.

4. All Confidential Information provided by a Party in response to a discovery request shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Confidential documents, or information derived therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who consist of:

   a. the Court;

-3-

  b. outside counsel of record or in-house counsel to the parties to the Litigation, and clerical, secretarial and paralegal staff employed by such counsel;

  c. clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the parties or counsel;

  d. court reporters;

  e. experts or consultants and their staff assisting in the Litigation who are not otherwise employed by any party to the Litigation, and the party receiving such information shall keep a list of the names of these individuals;

  f. all individuals who are named parties and the officers, employees and affiliates of corporate named parties who are assisting in the prosecution or defense of the Litigation or who will be responsible for making decisions with respect to the Litigation; and

  g. any other person the producing party agrees to in writing.

6. Confidential documents shall not be disclosed to persons other than Qualified Persons and no action shall be taken (other than in connection with this Litigation) on the basis of any Confidential documents by the party receiving them. Nothing contained herein shall prevent any party from using or disclosing its own Confidential documents or information as it deems appropriate.

7. Prior to seeing or receiving Confidential documents, all persons specified in paragraphs 5(e) and 5(g) will execute an Agreement to be Bound by Order in the form of Exhibit A attached hereto.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the

Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

12.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 11 above.

13.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel

are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

14. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17. The inadvertent production of any documents during the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege, and no party shall be held to

have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such information for any purpose unless allowed by Order of the Court. No party shall be precluded from arguing that it would be prejudiced if it were (a) forced to return material to the inadvertently producing party, or (b) precluded from utilizing such inadvertently produced materials in the Litigation.

18. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Each Party's counsel shall not be required to provide any privileged documents or confidential work product to the producing party, and, instead, will destroy any such privileged or work product documents. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product or privileged documents referencing Confidential Information has been destroyed. Notwithstanding the requirements of this paragraph, the Party's counsel may retain any court filings or exhibits to court filings containing Confidential Information for up to ten years subject to the restrictions on disclosure set forth in this Protective Order.

19. This Order shall be applicable to discovery provided by any third-party witnesses or other parties in the Litigation who agree in writing to be subject to and bound by the terms of this Order.

20. The binding effect of this Order shall survive termination of the Litigation and the Court shall retain jurisdiction to enforce the Order.

21. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 10th day of April, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

*s/ James A. Cederberg*
James A. Cederberg
Cederberg Law Firm, P.C.
1200 28th Street, Suite 302
Boulder, CO  80303
clfpc@aol.com
303-499-0449

**ATTORNEYS FOR ROBERT P. HAMMOND**

*s/Jack M. Englert, Jr.*
Jack M. Englert, Jr.
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
303-290-1087

**ATTORNEYS FOR METROPOLITAN LIFE INSURANCE COMPANY**

## EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
                                       ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Hammond v. Metropolitan Life Ins. Co.,* Civil Action No. 11-cv-2588-MSK-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

                                                                 (Signature)

                                                                 (Print or Type Name)

                                                                 Address:

                                                                 Telephone No.: (\_\_\_\_\_)_____

5478699_1.DOC